Charles J. Bour, Appellant, v. Illinois Central Railroad Company, Appellee.

Gen. No. 17,305.

1. INJUNCTIONS—*jurisdiction of Appellate Court to continue in force.* The Appellate Court upon its organization acquired the same authority as had been conferred upon the Supreme Court to continue in force injunctions issued by the lower court.

2. INJUNCTIONS—*construction of statute with respect to when appeal shall not continue, in force.* The provision that, "no appeal

from a decree dissolving an injunction shall have the effect to continue in force the injunction unless the appeal is prayed at the entering of the decree," is not limited to a case where the order is made by the court which dissolved the injunction, but applies as well to a case where an application for such an order is made to the Appellate Court. In the one case the provision is, that the appeal shall not have such effect, "unless the appeal is prayed at the entering of such decree, and the court allowing the same shall so order;" in the other, the language following such provision is, "or unless the party praying the appeal shall within ten days after the appeal is allowed," apply, etc. The appeal mentioned in the provision last quoted refers to and means the appeal mentioned in the preceding clause, the appeal, "prayed at the entering of the decree." The praying of an appeal, "at the entering of the decree," is, by the provisions of the section, made a condition precedent to the right of the complainant to apply to the Appellate Court for an order, "directing that the appeal shall have the effect to continue such injunction in force."

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. W. F. COOPER, Judge, presiding. Heard in this court at the October term, 1910. Motion denied. Opinion filed February 14, 1911.

**Statement by the Court.** August 10, 1910, complainant Bour filed a bill in the Superior Court for an injunction against the defendant, the Illinois Central Railroad Co. The injunction prayed for was the only relief sought by the bill, and a temporary injunction was ordered and issued in accordance with the prayer of the bill. The defendant moved to dissolve the injunction for want of equity appearing on the face of the bill. The motion to dissolve was argued before Judge Chetlain of the Superior Court and taken under advisement. Judge Chetlain's term of office expired December 3, 1910. January 16, 1911, Judge Cooper of the Superior Court entered, on notice to complainant, this order:

"On motion of solicitor for defendant the clerk of this court is hereby ordered, upon the hearing of the evidence and the inspection of the minutes of Judge Chetlain in said cause, to enter of record of the date of December 3rd, A. D. 1910, the following order:

'The injunction heretofore entered in this case is dissolved.' "

January 25, 1911, he entered this order:

"This day again come the parties by their respective solicitors and it appearing to the court that this cause has heretofore been considered upon the bill of complaint and a motion of the defendant to dissolve the temporary injunction heretofore issued herein for want of equity appearing upon the face of the bill and the motion to dissolve said injunction having heretofore been allowed and no relief having been prayed for in and by said bill, other than an injunction as therein prayed, now on motion of complainant's solicitors it is ordered, adjudged and decreed that the said bill be and the same hereby is dismissed and thereupon complainant prays an appeal from the order dissolving said injunction and from the order of January 16th, 1911, directing the clerk to spread of record *nunc pro tunc* as of December 3rd, 1910, an order dissolving said injunction and from the order dismissing his said bill and an appeal is allowed to the Appellate Court in and for the First District of Illinois upon a filing a bond in the sum of two hundred fifty dollars within thirty days."

The same day complainant filed his appeal bond and the next day filed in this court a transcript of the record, moved for an order to continue in force the injunction, and an order was entered extending the time for procuring such order.

WEST & ECKHART, for appellant.

JOHN G. DRENNAN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Section 21, chapter 69 R. S. is as follows: "No appeal from a decree dissolving an injunction shall have the effect to continue in force the injunction unless the appeal is prayed at the entering of such

decree, and the court allowing the same shall so order, or unless the party praying the appeal shall, within ten days after the appeal is allowed, procure from the Supreme Court, if in session, or a judge thereof if in vacation, an order directing that the appeal shall have the effect to continue such injunction in force; and no such order shall be granted except for a good cause appearing in the record, nor when the bill is dismissed by the complainant. The Supreme Court, or a judge thereof, may for good cause extend the time for procuring such order.''

The contention of appellee that the bill was dismissed by the complainant is not sustained by the record. It was dismissed by the court on the motion of complainant for the reasons stated in the order of dismissal.

Neither is the contention that this court has no authority to make an order to continue in force an injunction tenable. Appeals in such cases are now taken to this court and this court has the same power to make such an order that the Supreme Court had before this court was created.

The order or decree dissolving the injunction was entered January 16th "of the date of December 3, 1910." Assuming that for the purposes of an appeal the order is to be regarded as entered January 16th, the complainant did not pray an appeal at the entering of such order or decree, but waited until January 25th, then moved for the dismissal of the bill, and on its dismissal prayed an appeal from the order or decree dissolving the injunction entered January 16th and from the decree dismissing the bill entered January 25th, which was allowed and perfected.

The provision that, "no appeal from a decree dissolving an injunction shall have the effect to continue in force the injunction unless the appeal is prayed at the entering of the decree," is not limited to a case where the order is made by the court which dissolved

the injunction, but applies as well to a case where an application for such an order is made to this court. In the one case the provision is, that the appeal shall not have such effect, "unless the appeal is prayed at the entering of such decree, and the court allowing the same shall so order;" in the other, the language following such provision is, "or unless the party praying the appeal shall within ten days after the appeal is allowed," apply, etc. The appeal mentioned in the provision last quoted refers to and means the appeal mentioned in the preceding clause, the appeal, "prayed at the entering of the decree." The praying of an appeal, "at the entering of the decree," is, by the provisions of the section, made a condition precedent to the right of the complainant to apply to this court for an order, "directing that the appeal shall have the effect to continue such injunction in force."

The intention of the legislature, expressed in the Act, is to limit the time within which such an order may be made to ten days from the entering of the order or decree dissolving the injunction. To hold that a complainant may omit to pray an appeal, "at the entering of the order or decree," dissolving the injunction and move for and obtain a decree dismissing the bill afterward, and then, by praying an appeal from such decree and from the order or decree dissolving the injunction, secure the right to apply to this court within ten days after such dismissal and appeal, for an order to continue the injunction in force, would be to extend the time within which a complainant may procure such order beyond ten days from the dissolution of the injunction by the number of days that elapsed between the dissolution of the injunction and the dismissal of the bill.

We think that the failure of the complainant to pray for an appeal from the order or decree dissolving the injunction "at the entering of such decree" deprives him of the right to procure from this court an order

that the appeal shall have the effect to continue the injunction in force, and his motion that such order be now made will therefore be denied.

*Motion denied.*